**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO.: 3:10-CV-553-GCM-DCK**

BANK OF AMERICA, N.A., a national banking )
association, )
           )
        Plaintiff, )    Hon. Graham C. Mullen
           )    Magistrate Judge David C. Keesler
        v. )
           )
OLD REPUBLIC INSURANCE COMPANY, a )
Pennsylvania corporation, )
           )
        Defendant. )

## STIPULATED PROTECTIVE ORDER

WHEREAS, certain documents and information have been and may be sought, produced or exhibited by and between the parties to the above-styled proceedings (the "Proceedings") which may relate to the parties' and third parties' financial information, competitive information, or other types of sensitive information which the party making the production deems confidential; and

WHEREAS, it has been agreed by and between the parties to the Proceedings, through their respective counsel, that, to expedite the flow of discovery material and to preserve the confidentiality of certain documents and information, a protective order should be entered by the Court; and

WHEREAS, the Court has reviewed the terms and conditions of this Protective Order submitted by the parties,

IT IS HEREBY ORDERED THAT:

### Scope

**1.**

a.      This Order shall govern all documents, the information contained therein, and all other information produced or disclosed during the Proceedings whether revealed in a document, deposition, other testimony, discovery response or otherwise, by any party, including any third-party, in these Proceedings (the "Supplying Party") to any other party, including any third-party, (the "Receiving Party") when same is designated with the procedures set forth herein.  This Order is binding upon the parties to the Proceedings, including their respective corporate parents, subsidiaries and affiliates as well as their respective attorneys, agents, representatives, officers, and employees and others as set forth in this Order.  This Order is also binding on and applies to all third parties who either produce or receive documents or information in connection with these Proceedings.

b.      Under this Order, any Supplying Party shall have the right to identify and designate as "Confidential" any document or other information it produces or provides, or any testimony given in these proceedings, which testimony or discovery material is believed in good faith by that Supplying Party to constitute, reflect, or disclose its confidential and/or proprietary information.  The Supplying Party may designate material as "Confidential" if such party has a good faith belief that the material is entitled to confidential treatment.

c.      "Confidential Information" as used herein means any Designated Material that is designated pursuant to this Protective Order as "Confidential" by the Supplying Party, whether it is a document, information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory answer, or information otherwise revealed.

d.     All documents and information described in Paragraph (1)(b) as Confidential Information and which a party believes to be extremely sensitive confidential and/or proprietary information, the disclosure of which, even limited to the restrictions placed on Confidential Information in this Order, would compromise and/or jeopardize the Supplying Party's competitive business interests ("Highly Confidential Information"), may be designated as "Highly Confidential" by said party and furnished to the other parties pursuant to this Order.

e.     A party may designate as "Confidential" or "Highly Confidential" information in the possession of and supplied by a third party if the information was transmitted to the third party under an agreement or an obligation that it would remain confidential.

f.     All documents and other materials produced in this litigation shall be used only for purposes of this litigation whether or not a Supplying Party designates such documents or materials as "Confidential" or "Highly Confidential."

**2.**     **Designation of Confidentiality**

Documents or information may be designated CONFIDENTIAL or HIGHLY CONFIDENTIAL within the meaning of this Order in the following ways:

a.     Specific documents produced by a Supplying Party shall, if appropriate, be designated as "Confidential" or "Highly Confidential" by marking the first page of the document and each subsequent page thereof containing Confidential or Highly Confidential information with the legend: "CONFIDENTIAL," "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER."

b.     In the case of interrogatory answers and responses to requests for admissions, if appropriate, designation of Confidential or Highly Confidential information shall be made by

means of a statement in the answers or responses specifying that the answers or responses or specific parts thereof are designated "CONFIDENTIAL or HIGHLY CONFIDENTIAL." The following legend shall be placed on each page of interrogatory answers or responses to requests for admission containing Confidential Information or Highly Confidential Information: "CONTAINS CONFIDENTIAL INFORMATION" or "CONTAINS HIGHLY CONFIDENTIAL INFORMATION."

     c.     In the case of depositions and the information contained in depositions (including exhibits), designation of the portions of the transcript (including exhibits) which contain Confidential Information or Highly Confidential Information shall be made by a statement to such effect on the record in the course of the deposition by counsel for the party or witness producing such information, or by letter from such counsel within thirty (30) days of receipt of the deposition transcript or copy thereof (or written notification that the transcript is available). The entire deposition transcript (including exhibits) shall be treated as Confidential or Highly Confidential under this Order until the expiration of the above-referenced thirty-day period for designation by letter, except that the deponent may review the transcript of his or her own deposition during this thirty-day period. The following legend shall be placed on the front of the original deposition transcript and each copy of the transcript containing Confidential Information or Highly Confidential Information: "CONTAINS CONFIDENTIAL INFORMATION" or "CONTAINS HIGHLY CONFIDENTIAL INFORMATION." If portions of a videotaped deposition are designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the videocassette or other videotape container shall be labeled with the same legend provided for in paragraph 2(a).

d.      To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, files, databases, or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes) ("Computerized Material") is produced by any party in such form, the Supplying Party may designate such matter as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by cover letter referring generally to such matter or by affixing to such media a label with the legend provided for in paragraph 2(a) above.      Whenever any party to whom Computerized Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is produced reduces such material to hard-copy form, such party shall mark such hard-copy form with the legend provided for in paragraph 2(a) above.

e.      To the extent that any party or counsel for any party creates, develops or otherwise establishes on any digital or analog machine-readable device, recording media, computer, disc, network, tape, file, database, or program information designated CONFIDENTIAL and/or HIGHLY CONFIDENTIAL, that party and/or its counsel must take all necessary steps to ensure that access to such media is properly restricted to those persons who, by the terms of this Order, may have access to Confidential Information and/or Highly Confidential Information, and will affix to any media containing such information a label with the legend provided for in paragraph 2(a) above.

f.      All documents and materials filed with the Court containing or reflecting the contents of Confidential Information or Highly Confidential Information shall be filed in sealed envelopes or other appropriately sealed containers on which shall be endorsed the caption of the litigation and shall be labeled "CONFIDENTIAL INFORMATION (or HIGHLY

CONFIDENTIAL INFORMATION) - SUBJECT TO COURT ORDER" and words in substantially the following form:

> **i)** This envelope contains documents which are filed under seal in this case by [name of party] and, by Order of this Court, dated _____, shall not be opened nor the contents displayed or revealed except as provided in that Order or by further order of the Court.

Documents and materials filed under seal shall be accompanied by a motion requesting that the subject documents and materials be filed under seal. Any pleading or other paper required to be filed under seal pursuant to this Paragraph shall also bear the legend "FILED UNDER SEAL" on the cover page of the document. Only those portions of such documents and materials containing or reflecting Confidential Information or Highly Confidential Information shall be considered Confidential or Highly Confidential and may be disclosed only in accordance with this Order. Each party shall use its best efforts to minimize filings that necessitate the filing of documents and materials designated Confidential or Highly Confidential under seal. No party or other person may have access to any sealed document from the files of the Court without an order of the Court. This provision does not relieve the filing party of serving the document on other parties in accordance with ordinary procedures established by the civil and local rules or Court order. The "Judge's Copy" of a sealed document may be opened by a Judge of this Court, his or her law clerks, and other Court personnel without further order of the Court. After a final judgment is rendered, if no appeal is taken, each document filed under seal shall be maintained or disposed of as directed by the Clerk of the Court. If an appeal is taken, each document filed under seal shall be maintained or disposed of by the respective Clerk of the Court. Regardless of any provision in this Order to the contrary, a party does not have to file a document under seal if the Confidential Information or Highly Confidential Information contained or reflected in the document was so designated solely by that party.

**3.**       <u>**Use of Confidential Information or Highly Confidential Information**</u>

Confidential Information or Highly Confidential Information shall not be used by any person, other than the Supplying Party, for any purpose other than conducting these Proceedings, and in no event shall such information be used for any business, competitive, personal, private, public or other purpose.

<u>**Disclosure of Confidential Information**</u>

**4.**

a.     The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control access to, and distribution of, information designated "CONFIDENTIAL" pursuant to this Order.

b.     Subject to Paragraph 6 below, access to information designated "CONFIDENTIAL" pursuant to this Order shall be limited to the following persons:

       i.     Outside and in-house counsel for the parties, as well as their paralegals, investigative, secretarial, and clerical personnel who are employed by and engaged in assisting such counsel in these Proceedings;

      ii.     Outside photocopying, data processing, or graphic production services employed by the parties or their counsel to assist in these Proceedings;

     iii.     Any outside expert or consultant (or any employee of such outside expert or consultant) who is retained, or sought to be retained, by counsel for a party in these Proceedings, for purposes of consulting, and/or testifying in these Proceedings, and to whom counsel in good faith has deemed disclosure of such "CONFIDENTIAL" material is reasonably necessary in order to assist in the preparation or the conduct of these Proceedings, provided that the outside expert or consultant is not currently employed by or affiliated with any party. For purposes of this

paragraph, the phrase "affiliated with" means not only affiliation as an employee, but also affiliation as an agent, consultant, representative or independent contractor. This paragraph shall not relieve, change or otherwise affect any obligations or limitations imposed on any person by contract or law regarding the disclosure or use of trade secrets or other confidential or proprietary information;

iv. Directors, officers, employees, or other representatives of a party or its corporate affiliate designated as having responsibility for making business decisions dealing directly with the resolution of these Proceedings. However, a party that designated information as "CONFIDENTIAL" may reveal such information to any of its own directors, officers, employees, or other representatives;

v. Any fact witness, at the witness' deposition in these Proceedings or in connection with the preparation of the witness to give a deposition or otherwise testify in these Proceedings, but only if counsel who discloses "CONFIDENTIAL" information to the witness determines, in good faith, that such disclosure is reasonably necessary and appropriate to assist in the conduct of these Proceedings;

vi. Any person (a) who is shown on the face of "CONFIDENTIAL" material to have authored or received the "CONFIDENTIAL" material sought to be disclosed to that person, or (b) who is specifically referenced by name and substantively discussed in the "CONFIDENTIAL" material, but only as to the specific material the person authored or received, or in which such person is referenced and discussed;

vii. This Court or any other Court exercising jurisdiction with respect to this litigation, Court personnel, jurors, and qualified persons (including

necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in this litigation; and

viii. Any other person to whom the Supplying Party agrees in writing or on the record in advance of the disclosure, provided that the party seeking to make the disclosure must first submit a request, in writing or on the record, to the Supplying Party explaining why the disclosure is necessary. If the Supplying Party does not agree to allow the disclosure, the party seeking to make the disclosure may file a motion with the Court for approval to make the disclosure.

**5.** **Disclosure of Highly Confidential Information**

a. The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control access to, and distribution of, information designated "HIGHLY CONFIDENTIAL" pursuant to this Order.

b. Subject to paragraph 6 below, access to information designated "HIGHLY CONFIDENTIAL" pursuant to this Order shall be limited to the following persons:

i. Outside counsel for the parties, as well as their paralegals, investigative, secretarial, and clerical personnel who are employed by and engaged in assisting such counsel in this litigation;

ii. In-house counsel of a party or its corporate affiliate designated as having responsibility for making decisions dealing directly with the resolution of these Proceedings. However, a party that designated information as "HIGHLY CONFIDENTIAL" may reveal such information to any of its own directors, officers, employees, or other representatives;

iii.    Outside photocopying, data processing, or graphic production services employed by the parties or their counsel to assist in these Proceedings;

iv.     Any outside expert or consultant (or any employee of such outside expert or consultant) who is retained by counsel for a party in these Proceedings, for purposes of consulting, and/or testifying in these Proceedings, and to whom counsel in good faith has deemed disclosure of such "HIGHLY CONFIDENTIAL" material is reasonably necessary in order to assist in the preparation or the conduct of these Proceedings, provided that the outside expert or consultant is not currently employed by or affiliated with any party. For purposes of this paragraph, the phrase "affiliated with" means not only affiliation as an employee, but also affiliation as an agent, consultant, representative, or independent contractor. This paragraph shall not relieve, change, or otherwise affect any obligations or limitations imposed on any person by contract or law regarding the disclosure or use of trade secrets or other confidential or proprietary information;

v.      Any person who is shown on the face of "HIGHLY CONFIDENTIAL" material to have authored or received the "HIGHLY CONFIDENTIAL" material sought to be disclosed to that person, but only as to the specific material the person authored or received;

vi.     Any fact witness, at the witness' deposition in these Proceedings or in connection with the preparation of the witness to give a deposition or otherwise testify in these Proceedings, but only if counsel who discloses "HIGHLY CONFIDENTIAL" information to the witness

determines, in good faith, that such disclosure is reasonably necessary and appropriate to assist in the conduct of these Proceedings;

vii. This Court or any other Court exercising jurisdiction with respect to this litigation, Court personnel, jurors, alternate jurors, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial, or appeal in this litigation; and

viii. Any other person to whom the Supplying Party agrees in writing or on the record in advance of the disclosure, provided that the party seeking to make the disclosure must first submit a request, in writing or on the record, to the Supplying Party explaining why the disclosure is necessary.  If the Supplying Party does not agree to allow the disclosure, the party seeking to make the disclosure may file a motion with the Court for approval to make the disclosure.

**6.** **Notification of Protective Order**

Confidential Information and Highly Confidential Information shall not be disclosed to a person described in paragraphs 4(b)(iii), 4(b)(viii), 5(b)(iv), or 5(b)(viii) unless and until such person has executed an Agreement of Confidentiality in substantially the form attached hereto as Exhibit A.  The originals of an executed Agreement of Confidentiality shall be maintained by counsel for the party who obtained it until the final resolution of this litigation, and shall not be subject to discovery except upon motion on notice and a showing of good cause.  This prohibition includes either direct or indirect disclosure, including but not limited to, any disclosure by counsel or experts.

**7.** **Use of Confidential or Highly Confidential Information at Trial**

The rules and procedures governing the use of Confidential and Highly Confidential Information at trial shall be determined at the final pretrial conference.

**8.** **Objections to Designations**

a.      A party shall not be obliged to challenge the propriety of a Confidential or Highly Confidential Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  In the event a party objects to the designation of any material under this Order, the objecting party shall consult with the designating party to attempt to resolve their differences.  If the parties are unable to reach an accord as to the proper designation of the material, after giving notice to the designating party, the objecting party may apply to the Court for a ruling that the material shall not be so designated.  If such a motion is made, the designating party has the burden of establishing that the designation is proper.  If no such motion is made, the material will retain its designation.  Any documents or other materials that have been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be treated as Confidential or Highly Confidential until such time as the Court rules that such materials should not be treated as Confidential or Highly Confidential.

**9.** **Preservation of Rights and Privileges**

Nothing contained in this Order shall affect the right, if any, of any party or witness to make any other type of objection, claim, or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for production of documents or questions at a deposition.  Nor shall this Order be construed as a waiver by any party of any legally cognizable privilege to withhold any Confidential Information or Highly Confidential Information other than on the basis that it has been designated Confidential or Highly

Confidential, or of any right which any party may have to assert such privilege at any stage of this litigation.

10. **Return or Destruction of Materials**

Within one hundred and twenty (120) days after the final resolution of this litigation, all Confidential Information or Highly Confidential Information shall be returned to counsel for the party that produced it or shall be destroyed, except for Confidential Information or Highly Confidential Information that is contained in or commingled with files that also contain counsel's work product.  As to those materials that contain or reflect Confidential Information or Highly Confidential Information, but that constitute, reflect, or are contained in or commingled with, counsel's work product, counsel of record for the parties shall be entitled to retain such work product in their files in accordance with the provisions of this Order, so long as it is clearly marked to reflect that it contains information subject to this Order.  Such materials may not be used in connection with any other proceedings or action.  Counsel shall be entitled to retain pleadings, affidavits, motions, briefs, other papers filed with the Court, deposition transcripts, and the trial record (including exhibits) even if such materials contain Confidential Information or Highly Confidential Information, so long as such materials are clearly marked to reflect that they contain information subject to this Order and may not be used in connection with any other proceedings or action.  Documents and materials filed under seal pursuant to paragraph 2, f. of this Order shall be disposed of in a manner directed by order of Court upon the conclusion of the Proceedings.

11. **Inadvertent or Unintentional Disclosure**

a.    A Supplying Party that inadvertently fails to designate discovery material as "Confidential" or "Highly Confidential" or mis-designates discovery material as "Confidential" or "Highly Confidential" pursuant to this Order at the time of its production shall be entitled to

make a correction to its designation within a reasonable time of the discovery of the non- or mis-designation. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item of discovery material, appropriately designated. Those individuals who received the discovery material prior to notice of non- or mis-designation by the Supplying Party shall within seven (7) days of receipt of the substitute copies, take reasonable steps to destroy or return to the law firm representing the Supplying Party all copies of such mis-designated documents. The obligation to treat such material pursuant to the corrected designation shall be prospective only, and those individuals who reviewed the mis-designated discovery material prior to notice of the mis-designation by the Supplying Party shall abide by the provisions of this Order with respect to all future use and disclosure of any information contained in the mis-designated materials.

       b.       The inadvertent or unintentional disclosure by the Supplying Party of documents or information subject to a claim of privilege, including, but not limited to, the attorney-client privilege or work-product doctrine ("Privileged Information"), regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of privilege. Within fourteen (14) days of receiving a written request from the Supplying Party or if the Receiving Party believes that it has received Privileged Information, the Receiving Party receiving the Privileged Information, shall either: (i) return such Privileged Information and all copies thereof or (ii) if the Receiving Party has a good faith basis for believing that the Privileged Information is not subject to a claim of privilege, the Receiving Party may file the document under seal with the Court pending a decision on the Receiving Party's challenge. If the Court sustains the privilege claim of the Supplying Party with respect to Privileged Information, the Receiving Party shall, within seven (7) days of the

Court's Order destroy the Privileged Information and any notes relating thereto and advise the Supplying Party in writing of the destruction.

c.    In the event a claim of inadvertent or unintentional disclosure is made by a party upon learning that the other party intends to use the document or information in the litigation (*e.g.*, as an admission or exhibit): (i) for objections made during depositions, the examination can proceed subject to the filing of a motion to retrieve made within 10 days of the date of the objection or the objecting party can defer examination on the information claimed to have been inadvertently disclosed pending resolution of such motion to retrieve, provided that the objecting party shall bear the expense of reconvening the deposition should the motion to retrieve be denied, and (ii) for documents or information contained in court filings, the party claiming inadvertent disclosure must make a motion to retrieve within 10 days of the date of the filing.  In either instance, upon filing of a timely motion to retrieve, the documents or information that are the subject of the motion shall be placed under seal pending resolution of the motion to retrieve by the Court.

### 12.    Other Provisions

a.    The restrictions set forth in this Order shall not apply to documents or information designated Confidential or Highly Confidential that are publicly available or that are obtained independently and under rightful means by the Receiving Party.

b.    A party's compliance with the terms of this Order shall not operate as an admission that any particular document is or is not (a) confidential, (b) privileged or (c) admissible in evidence at trial.

c.    Any party or person in possession of Confidential Information, Highly Confidential Information, or Privileged Information with respect to which the Supplying Party has asserted a claim of privilege in accordance with paragraph 11 ("Inadvertently Produced

Privileged Information"), who receives a subpoena (or other process) from any person (including natural persons, corporations, partnerships, firms, governmental agencies, departments or bodies, boards or associations) who is not a party to this Order, which subpoena seeks production or other disclosure of such Confidential Information or Highly Confidential Information or Inadvertently Produced Privileged Information, shall to the extent not prohibited by applicable law, rule, regulation or legal process, promptly give written notice by electronic mail to counsel for the party who produced the Inadvertently Produced Privileged Information or designated the materials as Confidential or Highly Confidential, identifying the materials sought and enclosing a copy of the subpoena or other process. The party or person receiving the subpoena shall also inform the person seeking the Confidential Information, Highly Confidential Information, or Inadvertently Produced Privileged Information that such information is subject to this Order and, under the terms of the Order, may not be disclosed without: (i) the consent of the party that produced the Confidential or Highly Confidential Information or who designated the document as privileged; (ii) a court order; or (iii) any other applicable law, rule, regulation or legal process requiring production. Unless required by applicable law, rule, regulation or legal process, the person subject to the subpoena or other process shall not produce or disclose the requested information until the party that produced the Inadvertently Produced Privileged Information or designated the document as Confidential or Highly Confidential grants written consent or the person subject to service or other process is ordered to do so by a court of competent jurisdiction. Nothing herein shall be construed to obligate the person subject to service or other process to make a motion or undertake other legal process, or to appear before any court or administrative body in opposition to a motion or other

legal process seeking production of any Confidential or Highly Confidential materials or Inadvertently Produced Privileged Information.

d. This Order shall apply to non-parties who provide discovery, by deposition, production of documents, or otherwise, in this litigation, if said non-party requests the protection of this Order as to said non-party's Confidential Information or Highly Confidential Information and complies with the provisions of this Order.

e. Upon the final resolution of this litigation (including conclusion of all appeals), this Order shall remain in effect and continue to be binding, unless expressly modified, superseded, or terminated by consent of all parties or by Order of the Court. This Court expressly retains jurisdiction over this action for enforcement of the provisions of this Order following the final resolution of this litigation.

f. This Order shall not prevent a party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing to modifications of this Order, subject to the approval of the Court.

IT IS SO ORDERED:

Signed: March 7, 2011

David C. Keesler
United States Magistrate Judge

ORDER AGREED TO BY:

| | |
|---|---|
| s/ Meredith J. McKee | s/ Robert R. Marcus |
| Attorneys for Bank of America N.A. | Attorneys for Old Republic Insurance Company |

G. Michael Barnhill, N.C. Bar #9690
Debbie W. Harden, N.C. Bar #10576
Meredith J. McKee, N.C. Bar #33471
Womble Carlyle Sandridge & Rice
*A Professional Limited Liability Company*
One Wachovia Center, Suite 3500
301 South College Street
Charlotte, NC 28202
Telephone: (704) 331-4900
mbarnhill@wcsr.com
dharden@wcsr.com
mmckee@wcsr.com

OF COUNSEL:

David M. Halbreich
Reed Smith LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA 90071
Telephone: (213) 457-8000
dhalbreich@reedsmith.com

David E. Weiss
Reed Smith LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
Telephone: (415) 543-8700
dweiss@reedsmith.com

Robert R. Marcus
N.C. Bar Number 20041
Jonathan P. Heyl
N.C. Bar Number 25559
Smith Moore Leatherwood LLP
525 N. Tryon Street, Suite 1400
Charlotte, NC 28202
Telephone: (704) 384-2630
Fax: (704) 384-2800

OF COUNSEL:

Steven E. Farrar
Jason D. Maertens
Smith Moore Leatherwood, LLP
300 East McBee Avenue, Suite 500
Greenville, SC 29602
Telephone: (864) 240-2433

Michael R. Hassan
Robert N. Hermes
Louis J. Aurichio
Vincente Tennerelli
Butler Rubin Saltarelli & Boyd LLP
70 W. Madison St., Suite 1800
Chicago, IL 60602
Telephone: (312) 696-4487

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| BANK OF AMERICA, N.A., a national banking association, | ) ) ) | Case No. 3:10-cv-553 |
| Plaintiff, | ) ) | Hon. Graham C. Mullen |
| | ) | Magistrate Judge David C. Keesler |
| v. | ) ) | |
| OLD REPUBLIC INSURANCE COMPANY, a Pennsylvania corporation, | ) ) ) | |
| Defendants. | ) ) | |

## <u>CERTIFICATION</u>

1.  My name is _____.

I live at _____.

I am employed as (state position) _____

by (state name and address of employer) _____.

2.  I have read the Stipulated Protective Order that has been entered in this case, and a copy of it has been given to me.  I understand the provisions of this Order, and agree to comply with and to be bound by its provisions.

3.  I declare under penalty of perjury that the foregoing is true and correct.


Executed this __ day of _____, 2011

by _____(signature)

473443v1