IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:10-CV-553-GCM-DCK

| | |
|---|---|
| BANK OF AMERICA, N.A., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| OLD REPUBLIC INSURANCE COMPANY | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Defendant Old Republic Insurance Company's Motion To Compel" (Document No. 70). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for disposition. Having carefully considered the motion, the record, and applicable authority, the undersigned will deny the motion.

BACKGROUND

Plaintiff Bank of America, N.A. ("Plaintiff" or "Bank of America") filed this action against Defendant Old Republic Insurance Company ("Defendant" or "Old Republic") on November 3, 2010. (Document No. 1). Plaintiff's "Complaint" (Document No. 1) seeks declaratory relief and asserts claims for breach of contract, breach of the duty of good faith and fair dealing, and bad faith, "relating to a second-lien mortgage insurance policy issued by Old Republic." (Document No. 1, p.1). The mortgage insurance policy Plaintiff's claims arise from, Credit Insurance Policy T90 (the "Policy") effective July 1, 2002, is attached to the Complaint as "Exhibit A." (Document No. 1-1). In short, Bank of America alleges that Old Republic has failed to pay over $279 million in mortgage

default insurance benefits on over 4,400 claims. (Document No. 74, p.4).

On December 22, 2011, "Bank Of America, N.A.'s Motion For Bellwether Trial Plan" (Document No. 52) was filed. The presiding district judge, the Honorable Graham C. Mullen, held a hearing regarding that motion on March 14, 2012. (Document No. 73). Judge Mullen indicated at the hearing that he would rule on "Bank Of America, N.A.'s Motion For Bellwether Trial Plan" following the undersigned's ruling on the instant "...Motion To Compel." Id. However, Judge Mullen specifically opined:

> I'm not going to let . . . Old Republic do claim by claim discovery for 4500 or however many thousand claims are involved, and I am going to require that all of you get together, and after you get a resolution from Judge Keesler, to come back to us with a plan for basically accomplishing what Bank of America has proposed.

(Document No. 73, p.16).

On March 8, 2012, the pending "Defendant Old Republic Insurance Company's Motion To Compel" (Document No. 70) was filed with the Court and referred to the undersigned for disposition. "Bank Of America, N.A.'s Opposition To Old Republic Insurance Company's Motion To Compel" (Document No. 74) was filed March 26, 2012; and "Defendant Old Republic Insurance Company's Reply Brief In Support Of Its Motion To Compel" (Document No. 84) was filed April 5, 2012. As such, the pending motion to compel is now ripe for review and disposition.

## STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter

> involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See, Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting district court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

## DISCUSSION

Defendant's motion requests that the Court order Plaintiff: (1) to fully respond to its Interrogatory Request No. 1, *on a claim-by-claim basis*; and (2) to produce documents in its possession, custody, or control responsive to Document Request No. 49. (Document No. 70). Interrogatory No. 1 seeks the following:

> With respect to each claim submitted under the Policy that you contend Old Republic has unreasonably denied or wrongly failed to pay, please (a) identify the claim (including the borrower name, date of the claim, the amount of the claim, and any log or other identifying number for the claim); (b) state with particularity why you contend the claim was unreasonably denied or rescinded or should have been paid, and (c) specify the provision(s) of the Policy that you contend Old Republic violated by denying the claim.

Document No. 70-7, pp.4-5). Document Request No. 49 seeks production of "[a]ll documents

3

referring or relating to any evaluation or assessment of BANA's ability to submit claim documentation requested by Old Republic from November 2009 to the present for claims submitted by BANA under the Policy." (Document No. 70-11, p.6).

Old Republic acknowledges that Bank of America has set forth at least four broad reasons for asserting that Old Republic wrongfully denied claims, but argues that it is "essential to the fair and efficient resolution of this dispute" that Bank of America provide specific reasons it asserts each claim, *on a loan-by loan basis*, was wrongfully or unreasonably denied. (Document No. 70-1, p.3). Old Republic concludes that a "claim-by-claim identification of the facts BANA relies upon in challenging Old Republic's claim dispositions" is necessary prior to the proposed bellwether proceedings. (Document No. 70-1, pp.10-12).

Old Republic also argues that Bank of America should be compelled to provide a more complete response to Request No. 49 of Old Republic's Second Set of Document Requests. (Document No. 70-1, pp.13-16). Apparently, Old Republic is seeking, *inter alia*, internal communications regarding missing documentation from Bank of America's claims. (Document No. 70-1, p.15).

In response, Bank of America asserts that the instant discovery motion is inconsistent with the proposed bellwether proceedings because, instead of focusing discovery on a limited number of bellwether claims/loans, "Old Republic seeks detailed information and documents on a loan-by-loan (or claim-by-claim) basis on all 4,400 loans/claims." (Document No. 74, p.5). Bank of America concludes that such discovery is unnecessary, and inconsistent with the approach Judge Mullen indicated he would follow at the recent hearing. (Document No. 74, pp.6-7). Moreover, Plaintiff argues that Defendant's denial letters, and the common categories (or "buckets") of denials that Plaintiff has identified as improper grounds of denial, are sufficient for the parties to select

appropriate bellwether issues and/or loans.  (Document No. 74, p.9).  Bank of America specifically asserts that "Old Republic, the author of the claims denial letters, cannot credibly claim it is incapable of selecting appropriate bellwether issues or bellwether loans without such broad-based, burdensome discovery on each and every loan at issue."  (Document No. 74, p.11).

According to Plaintiff, Document Request No. 49 is overly broad and vague.  (Document No. 74, p.12).  In addition, Plaintiff's response suggests that the parties have made some progress in narrowing and/or clarifying the requested information, but have been unable to reach a mutually agreeable resolution on this request.  (Document No. 74, pp.12-15).  Bank of America also asserts that Old Republic has not explained how the requested documents relate to the coverage issues in a limited bellwether proceeding.  Id.

In reply, Defendant again asserts that a full response to Interrogatory No. 1 is necessary for an efficient bellwether proceeding.  (Document No. 84, p.3).  Specifically, Defendant contends that "[t]he essential element of a bellwether proceeding is 'representativeness,' i.e., the claims selected as 'bellwethers' must collectively encompass the issues presented by the universe of claims so as to give direction to the parties on the resolution of all disputed claims."  (Document No. 84, pp.3-4) (citing In re Chevron U.S.A., Inc., 109 F.3d 1016, 1019-1020 (5th Cir. 1997).  Defendant concludes that the key to a successful bellwether proceeding is that the "claims selected for trial present for resolution all of the types of issues presented by the claims in dispute."  (Document No. 84, p.5).

## CONCLUSION

After careful review of the parties' arguments, the undersigned finds Plaintiff Bank of America's position most persuasive.  The undersigned remains unconvinced that Defendant Old Republic, which issued the denial letters, and Plaintiff, which has narrowed the likely issues to four or five "buckets," would be unable to sufficiently identify a limited number of claims/loans that

5

would be adequately representative of the 4,400 claims for efficient bellwether proceedings.

The undersigned also finds that Judge Mullen has clearly signaled his expectation for how this case is to proceed, and that allowing the requested discovery on each of the 4,400, or more, claims is contradictory to his express intentions. Moreover, the undersigned agrees that the most practical and efficient way for this case to move forward is through some version of a bellwether proceeding, and that allowing the current motion would unnecessarily delay that outcome.

It is the undersigned's understanding that following the issuance of this Order the parties are expected to meet and confer and come up "with a plan for basically accomplishing what Bank of America has proposed" in its motion for a bellwether trial plan. (Document No. 73, p.16). The undersigned expects this would include some sort of revised discovery plan specifically aimed at approximately fifty (50) representative claims/loans. Id. As such, and noting that Judge Mullen has not actually ruled on the pending "...Motion For Bellwether Trial Plan" (Document No. 52), the instant motion will be denied without prejudice. However, the undersigned expects that the parties' (or the Court's) plans going forward, and/or the parties' continuing discussions of discovery issues, will moot the instant dispute.

**IT IS, THEREFORE, ORDERED** that "Defendant Old Republic Insurance Company's Motion To Compel" (Document No. 70) is **DENIED WITHOUT PREJUDICE**.

Signed: May 17, 2012

David C. Keesler
United States Magistrate Judge

6

Case 3:10-cv-00553-GCM-DCK   Document 91   Filed 05/17/12   Page 6 of 6