# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| **BANK OF AMERICA, N.A.,**<br><br>        **Plaintiff,**<br><br>vs.<br><br>**OLD REPUBLIC INSURANCE COMPANY,**<br><br>        **Defendant.** | **Case No.: 03:10-cv-00553-GCM-DSC**<br><br>**ORDER GRANTING BANK OF AMERICA, N.A.'S MOTION FOR ADMINISTRATIVE RELIEF THAT OLD REPUBLIC MAY NOT DENY OR RESCIND COVERAGE ON GROUNDS FIRST ASSERTED POST-LITIGATION** |

This matter is before the Court upon Plaintiff Bank of America, N.A.'s ("Bank of America") Motion for Administrative Relief that Old Republic Insurance Company ("Old Republic") May Not Deny or Rescind Coverage on Grounds First Asserted Post-Litigation (Doc. No. 276). The motion was fully briefed, and the Court heard extensive oral argument on February 4, 2014. The Court ruled from the bench after hearing oral argument, granting Plaintiff's motion. The Court requested that counsel for Plaintiff prepare a proposed order based upon the Court's rulings in open court, circulate the proposed order to opposing counsel and submit it to the Court. Plaintiff complied with the Court's request. For the reasons set forth below and on the record, the motion is granted.

The relevant background for this motion is discussed in the Court's Order Granting Bank of America's Motion for Administrative Relief for a Declaration That Old Republic Is Precluded From Using Extrinsic Evidence To Alter The Policy's Terms (Doc. No. 349). As a preliminary matter, Defendant objects to the proposed order submitted by Plaintiff, asserting that it usurps the Court's role of explaining its reasoning for its rulings. Defendant's argument is without merit. Courts, including this one, routinely ask prevailing counsel to prepare proposed orders consistent

with oral rulings.  See e.g., *Simpson v. Amylin Pharm., Inc.*, No. 1:11-CV-301, 2013 WL 1490267 (W.D.N.C. Apr. 11, 2013) (directing counsel for Plaintiff to prepare a proposed order consistent with the court's oral order and largely adopting the proposed order submitted); *Watterson v. Wilkinson*, No. 3:09-CV-394, 2011 WL 810057, *2 (W.D.N.C. Mar. 2, 2011) ("The Court directs that defense counsel prepare a proposed protective order for the Court's signature and serve a copy of the proposed order on the Plaintiff.")  *Rudd v. Ikon Partners, LLC*, No. 2:11-CV-00923, 2013 WL 53759, *1 (D. Utah Jan. 3, 2013) ("The Court ordered that counsel for defendant . . . prepare an Order regarding the portion of Defendant's Motions that was granted and ordered that Plaintiffs' counsel prepare an Order for the portion of the Defendants' Motion that was denied."); *Mike v. Prof'l Clinical Lab., Inc.*, 450 F. App'x 732, 735, n. 2 (10th Cir. 2011) ("When a court requests counsel for the prevailing party to prepare a proposed order, or in this case a proposed opinion and order, all parties should be aware of the request and counsel should serve a copy of the proposed opinion and order on opposing counsel no later than when it is submitted to the court.")   Such practice in no way requires the Court to surrender its role as arbiter of the dispute.  Defendant may rest assured that any Order signed by this Court represents the independent judgment of the Court and is supported by adequate evidence.

Old Republic has also complained that Plaintiff's motion is procedurally improper.  Once again, the Court rejects such argument.  It is necessary and appropriate to rule on this motion at the present time in the interest of moving this case towards a final resolution by facilitating the conduct of the trial, particularly as to the arguments that can be made and the evidence that can be introduced.

Through its motion, Bank of America seeks an order that Old Republic should be held to its reasons for denying claims or rescinding coverage, as set forth by Old Republic in the letters sent to Bank of America at the time the claims were denied or coverage was rescinded.  Bank of America's motion is primarily based on Federal Rules of Civil Procedure 8(c) and 9(c), and the

Mend the Hold Doctrine *Ohio & M.R. Co. v. McCarthy*, 96 U.S. 258, 267-268 (1877); *Whiteacre Partnership v. Biosignia*, 591 S.E.2d 870, 886 (N.C. 2004). Old Republic opposes the motion, arguing that it is not precluded from raising additional reasons for denying claims or rescinding coverage at this stage of the proceedings. Alternatively, Old Republic argues it should be permitted to amend its answer so that it can plead its new coverage defenses with particularity. Old Republic's new reasons for coverage denial center largely on Provision & Stipulation 2 in the Old Republic Policy, which is entitled "Conditions Precedent to Recovery." This provision provides, *inter alia*, that before making a loan Bank of America must obtain a credit application from the borrower, and this application must, in the judgment of Bank of America, show that the borrower can repay the loan and is otherwise a reasonable credit risk. Old Republic does not contest the fact that it did not specifically plead violations of Provision & Stipulation 2 as affirmative defenses with respect to any of the loans at issue.

Rule 8(c) of the Federal Rules of Civil Procedure provides that a party must "affirmatively state any avoidance or affirmative defense." Old Republic argues, however, that a violation of Provision and Stipulation 2 is not an affirmative defense that must be pled pursuant to Rule 8(c). The Court disagrees. If an insurance company seeks to avoid coverage by asserting that the insured breached a provision of the policy, such alleged breach is an affirmative defense that is waived if not pled. *S. Wallace Edwards & Sons, Inc. v. Cincinnati Ins. Co.*, 353 F.3d 367, 372 (4th Cir. 2003).

Rule 9(c) of the Federal Rules of Civil Procedure also provides:

> In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed. But when denying that a condition precedent has occurred or been performed, a party must do so with particularity.

Accordingly, while a plaintiff may generally allege that conditions precedent have been met, which Bank of America has done in this case, a defendant must deny that allegation with

particularity. Old Republic does not contest that it did not plead with particularity that Bank of America failed to perform conditions precedent. The Court disagrees with Old Republic's argument that it was not required to plead with particularity violations of Provision and Stipulation 2, because they do not set forth conditions to coverage, but rather form part of Old Republic's grant of coverage to Bank of America. That argument must be rejected because Provision and Stipulation 2 is entitled "Conditions Precedent to Recovery," and Old Republic drafted the insurance policy. For the same reason, the Court disagrees with Old Republic's argument that granting Bank of America's motion would amount to creating coverage that does not exist through waiver. The Federal Rules of Civil Procedure clearly require a defendant to plead both the failure to meet conditions precedent and affirmative defenses. Old Republic has not done so in this case.

The Court also does not agree that Old Republic properly preserved its new defenses to coverage by raising them in oppositions to motion for summary judgment or in expert reports. For example, as was stated in *EEOC v. Service Temps, Inc.* 679 F.3d 323,333 (5th Cir. 2012):

> Rule 9's scope, by its very title ("Pleading Special Matters"), is limited to pleadings. For "special matters" like conditions precedent, Rule 9's requirements dictate what must appear in certain pleadings. Here, the Rule requires that a party must deny the occurrence or performance of a condition precedent with particularity, in the operative pleadings. It does so for several reasons of orderliness and efficiency. It is no surprise that there is no support in the text of Rule 9 or the relevant case law for the proposition that the author of a deficient pleading should be afforded the disruptive opportunity at the summary judgment stage to explain for the first time why the case should not have proceeded in the first place.

Here, there is no apparent reason that Old Republic could not have raised these defenses in its coverage letters. Nor is there any reason why these defenses could not have been raised in Old Republic's initial answer to Bank of America's complaint, or through a timely motion to amend. This case has proceeded through extensive discovery and motion practice directed towards the original coverage defenses asserted by Old Republic, a bellwether trial had been

scheduled to take place in November 2013, and trial of the remaining issues will proceed in the near future. At this stage of these proceedings it would be highly prejudicial to Bank of America to allow Old Republic to raise new coverage defenses with respect to the more than 4,000 loans at issue in this case. The Court therefore declines Old Republic's request to amend to assert these untimely defenses. Because the Court rules in Bank of America's favor based upon Rules 8(c) and 9(c), the Court finds it unnecessary to determine whether the Mend the Hold doctrine is applicable herein.

Based on the arguments presented in open court, documents submitted into the record, the reasons articulated above and for good cause shown, the motion is GRANTED and IT IS HEREBY ORDERED that for any of the loans in the litigation, Old Republic cannot assert reasons to deny coverage for individual loans that were not set forth by Old Republic in the letters sent to Bank of America at the time the claims were denied or coverage was rescinded.

IT IS SO ORDERED.

Signed: March 11, 2014

Graham C. Mullen
United States District Judge